```
Law Offices of John C. Pharr
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/272-2525
Fax: 907/277-9859
E-mail: jpharr@gci.net
AK # 8211140
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>           Plaintiff,         )<br>                              )<br>     v.                       )<br>                              )<br>AMEEN ABDUL-JILLIL,           )<br>                              )<br>           Defendant.         )<br>_____) | Case No. 3:04-cr-0070-RRB |

### **DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

Pursuant to Local Criminal Rule 32.1, defendant AMEEN ABDUL-JILLIL hereby submits his Supplemental Sentencing Memorandum for the sentencing on January 20, 2006, to supplement the Sentencing Memorandum submitted on July 21, 2005:

**Final Presentence Report**

Defendant disagrees with the following portions of the Final Presentence Report:

¶ 16:  <u>Base Offense Level:</u> Defendant should have only the drug quantity set forth in paragraph 8 of Appendix A, not the others. He will argue at the sentencing that "relevant conduct" should not include the drug quantities in paragraphs 35, 45, 58,

85, and 87. Therefore, the BOL should be 30 as the government estimated in paragraph II.D (page 6) of the Plea Agreement dated February 10, 2005. USSG §2D1.1(c)(3).

¶ 19:   <u>Role in the Offense:</u> Defendant should receive at most a 2-level increase for role in the offense; his role was "an organizer, leader, manager or supervisor other than described in (a) or (b). USSG §3B1.1(c). Again the government estimated only two points in the Plea Agreement, ¶II.D (page 6).

¶ 20:   <u>Obstruction of Justice:</u>   Defendant denies this. USSG §3C1.1.

¶ 21:   <u>Adjusted Offense Level:</u> Should be 32.

¶ 22:   BOL for Group 2 derived from ¶ 21; therefore, should be 32.

¶ 27:   <u>Adjusted Offense Level:</u> Should be 34.

¶ 34:   Total offense level should be 31, as government estimated in the Plea Agreement.

¶ 43:   The MICS 3rd listed in paragraph 37 is counted despite having been being set aside. §4A1.2 Application Note #10. Inexplicably, set-asides are counted, whereas expungements are not. §4A1.2(j).  The only reason the point in paragraph 40 is counted is because of the probation period of "at least a year;" otherwise "driving without a license or with a revoked or suspended license" is not counted at all. USSG §4A1.2(c)(1). The two points in paragraph 42 are added because the commencement

date for the conspiracy is said to be February, 2002, which is within one year of being sentenced to unsupervised probation for driving on a suspended license. USSG §4A1.1(d).

All five points are for hyper-technical reasons. Therefore, the points overstate the defendant's criminal history category, and it should be horizontally adjusted to I. USSG §4A1.3(b).

¶ 82: Total Offense Level should be as set forth below.

### Guideline Range

```
BOL (USSG §2B5.1(b)(2)(A))                           30
Role in offense                                       2
Conviction under 18 U.S.C. §1956                      2
Acceptance of Responsibility (USSG §3E.1.)           (3)
Total Offense Level                                  31
Criminal History Category (USSG §4B1.1)               I
Guideline Range                              108-135 mos.
```

### Evidentiary Hearing

An evidentiary hearing is necessary.

### Section 3553 Factors

The PSR concludes that the Total Offense Level is 39 and the criminal history category is III, for a guideline range of 324 to 405 months (¶82), or 27 to 33.75 years. The defendant pled guilty believing that he was subject to a sentencing range set forth above, 108-135 months (9 to 11.25 years).

The court sentenced the other players to sentences nowhere close to this, and furthermore gave weight to the vastly lower expectations that some of the defendants had when pleading guilty.

A table summarizes other sentences:

| Defendant | Sentence (Jail only) | Counts pled to |
|---|---|---|
| Ray McCall | 188 mos. | 1,29,30,45-52 |
| Darrell Moss | 168 mos. | 1,2,30,31,44 |
| Detrich Covington | 108 mos. | 1,8,21 |
| Darrell Davis | 60 mos. | 1 |
| Chynna Jones | 15 mos. | 32,34,35,37,39,42 |
| Chaniqua Kitt | 24 mos. | 2,8,14,15,35,36,50,52,58 |

In Detrich Covington's sentencing, the court referred to Jillil, Moss and McCall as the "inner circle." The court concluded that Mr. Covington was part of the inner circle, but nevertheless gave him the low end of the guideline range. [See transcript of sentencing in the file, last two pages.]

In Darrell Moss' sentencing, the court stated:

> So I'm going to...because I think he's entitled to the benefit of his bargain, I'm going to accept the government's recommendation [evidently the court was referring to the plea agreement] and sentence him to the low end of the range. But with the idea that he's getting a break. He deserves to be sentenced as McCall was sentenced, frankly. That's what he deserves.

> But I'm going to accept the...168. And that's a year and a half that you saved just because of the agreement you had with the government. But you deserve more, based on your conduct and life choices so far.

Transcript of sentencing, pages not available.

In theory, the drugs attributable to everyone else involved in the conspiracy would be the same as for Mr. Jillil. USSG 1B1.3(a). But he is being charged with a greater quantity, for some reason. There should not be a sentencing disparity.

## Conclusion

Mr. Jillil had an additional unexpected 12 points added, and a criminal history category far higher than he anticipated. It is the difference between 27-34 years and 9-11 years. Something is seriously wrong with this scenario. The court denied defendant's motion to withdraw his guilty plea based on the broad language in the plea agreement. But this does not make what happened right.

There should not be a huge disparity between what he expected and signed off on, and his sentence; or between what he gets and what the other defendants got. Defendant therefore would ask the court to "give him the benefit of the bargain" and sentence him within the originally-anticipated range.

DATED at Anchorage, Alaska, this 13th day of January 2006.

LAW OFFICES OF JOHN C. PHARR

s/John C. Pharr
Attorneys for Ameen Abdul-Jillil
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/272-2525
Fax: 907/277-9859
E-mail: jpharr@gci.net
AK # 8211140

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on
January 13, 2006, a copy
of the foregoing was served
electronically:

Stephan A. Collins
Assistant U.S. Attorney
Stephan.Collins@usdoj.gov

s/John C. Pharr