DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK Bar No. 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:04-cr-070-1(RRB) |
| ) | |
| Plaintiff, ) | |
| ) | OPPOSITION TO MOTION TO |
| vs. ) | ENFORCE PLEA AGREEMENT |
| ) | |
| AMEEN ABDUL-JILLIL, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

    Ameen Abdul-Jillil, the defendant, has moved to have the court enforce the terms of the plea agreement. Specifically, Abdul-Jillil argues the plea agreement requires that this court limit its consideration of the applicable United States Sentencing Commission Guideline [U.S.S.G.] calculations to those set forth in the written plea agreement he entered into with the United States. He further argues

that the United States has breached the terms of the plea agreement by presenting evidence in support of the United States Probation Office's pre-sentence report recommendations.

The interpretation of the plea agreement Abdul-Jillil seeks the court to adopt, however, does not find support in the terms of the plea agreement he asks the court to enforce. Nor does his argument that the United States has breached the terms of the plea agreement find purchase in the language of the plea agreement. To accomplish his objective, Abdul-Jillil would have to convince the court the plea agreement contains terms that a reasonable person can see it does not contain. This he cannot do. The court should therefore deny Abdul-Jillil's motion in so far as he is not entitled to revise the terms of the plea agreement to accomplish his end objective.

Abdul-Jillil entered into a written plea agreement with the United States pursuant to which he agreed to plead guilty to the drug trafficking conspiracy charge, in violation of 21 U.S.C. § 846, contained in Count 1 of the indictment as well as several charges of money laundering, violations of 18 U. S. C. § 1956. The parties entered into the agreement acknowledging that Fed. R. Crim. P. 11(c)(1)(A) and (B) would control it. Pursuant to these provisions, the court was not bound to accept the parties's sentencing recommendations. Yet, as a result of this

agreement, Abdul-Jillil reduced his statutory sentence exposure from a range of 10 years to life imprisonment down to a range of five years to 40 years imprisonment. The United States also agreed to dismiss the remaining charges in the indictment as they related to Abdul-Jillil. Furthermore the United States stated that it would recommend a sentence based on the U.S.S.G. and would recommend the court impose a sentence at the low end of the total adjusted offense level the court determined was appropriate for Abdul-Jillil at the time imposition of sentence occurs, if Abdul-Jillil abided by the terms of the agreement.

In the plea agreement, boh parties set forth non-binding estimates of possible guideline ranges that might apply to Abdul-Jillil's case. The portion of Abdul-Jillil's plea agreement that preceded the parties' non-binding guideline estimates contained the following non-ambiguous language:

> I [Abdul-Jillil] understand the court has discretion to impose any sentence available for the offense(s) of conviction. I am free to argue for any available sentence for the offense(s) to which I am pleading guilty. I understand the court must consult and may rely upon the United States Sentencing Commission Guidelines [U.S.S.G.] when considering the sentence to impose in my case. I understand the United States will recommend the court impose a sentence based on

the U.S.S.G. I also understand that while the U.S.S.G. are not mandatory and that the court is not bound to impose a sentence recommended by the U.S.S.G., the court may nonetheless find the sentence range based on the U.S.S.G. to be reasonable in my case. The United States and I have set forth below a possible sentencing range under the U.S.S.G. for my case with citations to the particular U.S.S.G. sections. I understand this calculation binds neither the United States, the court, nor me. I agree both parties are free to argue for or against the U.S.S.G. calculations the United States Probation Office will submit in the presentence report.

Abdul-Jillil now argues that he interpreted the plea agreement to mean that the United States was binding itself and the court was likewise bound to limit the guideline sentence range calculation for him to that range the parties agreed did not bind either party or the court. He also argues that the government's agreement to dismiss the remaining charges in the indictment against him precludes the court's reliance upon additional facts ("relevant conduct") that formed the basis for other charges in the indictment that the United States agreed to dismiss when calculating an advisory sentence under the guidelines.

Abdul-Jillil's interpretation of the plea agreement is not only unreasonable it

is contrary to the very terms of the agreement and contrary to the law as it applies to the guidelines.  Likewise, the government's presentation of evidence in support of the pre-sentence report the United States Probation Office prepared did not amount to a breach of the agreement.  To the contrary, the parties specifically reserved their respective rights to argue for or against the pre-sentence report recommendations.

  The principles of contract law govern the interpretation of a plea agreement.  *United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir. 1997).  The courts generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face.  *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005).  In doing so, the court must determine what the defendant reasonably understood the terms of the agreement to be when the court accepted his guilty pleas and the court is to interpret any ambiguities in the agreement in favor of the defendant.  *United States v. De La Fuente*, 8 F. 3d 1333, 1338 (9th Cir. 1993).

  The interpretation of the plea agreement Abdul-Jillil now seeks to foist upon the court and the government is contrary to the clear and unambiguous language of the plea agreement.  Nowhere in the plea agreement Abdul-Jillil seeks to have the court enforce is there any language that limited either the information upon which the court could base its guideline sentence calculation or the government's

advocacy of the United States Probation Office's pre-sentence report. There is nothing in the language of the plea agreement that a reasonable person could interpret as placing such limits upon the court or the government. Furthermore, as a matter of law, the anticipated dismissal of the other charges against Abdul-Jillil does not preclude the court from considering that conduct when calculating Abdul-Jillil's advisory guideline sentence. *United States v. Speelman*, 431 F.3d 1226, 1231-32 (9th Cir. 2005).

Abdul-Jillil presents himself as a fairly articulate and educated man. Neither during his change of plea or in the manner through which he has presented himself in court has he ever manifested any behavior or expressed any thoughts that would cast doubt upon his mental capacity or competency. He just seems to be avoiding taking full responsibility for his actions and hopes to convince the court of this. His new found confusion about the terms of the plea agreement is thus nothing more than a manifestation of his desire to limit his sentence exposure rather than a reasonable interpretation of the plea agreement. In sum, Abdul-Jillil

//

has failed to establish that he reasonably interpreted the language of the plea agreement to mean what he now claims it means. Because of this, the court should deny Abdul-Jillil the relief he now seeks.

      RESPECTFULLY SUBMITTED this 22nd day of February, 2006, in Anchorage, Alaska.

      DEBORAH M. SMITH
      Acting United States Attorney

      s/ Stephan A. Collins
      Assistant U.S. Attorney
      222 West 7th Ave., #9, Rm. 253
      Anchorage, AK 99513-7567
      Phone: (907) 271-5071
      Fax: (907) 271-1500
      E-mail: stephan.collins@usdoj.gov
      AK Bar No. 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2006,
a copy of the foregoing was served
electronically on John C. Pharr.

s/ Stephan A. Collins