UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>AMEEN ABDUL-JILLIL,<br><br>　　　　　Defendant. | 3:04-cr-070-01-RRB-JDR<br><br>**<u>FINAL RECOMMENDATION REGARDING MOTION TO VACATE (2255)</u>**<br><br>(Docket No. 602/613) |

　　　　Defendant **Ameen Abdul-Jillil** timely filed objections to the initial report and recommendation. Docket 644. The government did not file a response. Upon due consideration of the objections the magistrate judge declines to modify the recommendation.

Essentially, the defendant takes objections to the factual findings by the magistrate judge regarding the defendant's claimed understanding of his plea. A few comments in response to the objections are provided for the benefit of the assigned judge.

In his objections Abdul-Jillil refers to a statement by his trial counsel Scott Dattan in his memorandum in support of the motion to withdraw plea, arguing that the "mis-characterization" of the government and defense counsel in the plea agreement motivated the defendant to plead guilty. Docket 644, pp. 2-3. That memorandum was made by Mr. Dattan as an advocate for the defendant. The term "mis-characterization" was made more in the context of argument than fact. As explained in the initial recommendation, Abdul-Jillil knowingly signed the plea agreement after discussing it with Mr. Dattan. *See* also Transcript of Evidentiary Hearing, p.32. The agreement reached a non-binding estimated sentence range of 108 to 135 months by the government and a range of 57 to 71 months by the defense. At the evidentiary hearing Abdul-Jillil explained that he thought that the term "non-binding" meant that the parties were limited in their recommendation to the court as to the sentence (to be imposed), and that the court had to impose a sentence within the range of those estimates. The magistrate judge rejected this claim as unreasonable and an unlikely thought process based upon the totality of the circumstances. At the change of plea hearing Judge Beistline asked Abdul-Jillil if he

understood that the judge is not bound by the plea agreement. Abdul-Jillil was asked about this questioning at the evidentiary hearing. He gave a confusing response suggesting that he understood the plea agreement to mean that the judge was bound by the sentencing range set forth in the agreement. Tr. 35. When asked why he thought that the judge could not go outside the sentencing range Abdul-Jillil never answered that question. Tr. 35, lines 20-22.

Abdul-Jillil also maintains that he did not understand about the drug quantity that could be attributed to him as relevant conduct. He claims that he has never understood that. Tr. 34, lines 11-12. Yet, at the change of plea hearing and sentencing hearing Abdul-Jillil never asked the court about the application of relevant conduct nor did he inform the court that he did not understand the terms of the plea agreement.

In a non-binding plea agreement there is always a risk that the court may impose a sentence beyond the expectations of the defendant or the parties because the agreement is not binding upon the court. Abdul-Jillil knowingly accepted the plea agreement and there is no good reason not to treat his plea of guilty as a binding plea.

For all these reasons including the assessment in the initial report and recommendation, the magistrate judge recommends that the Motion to Vacate,

Dockets 602/613 be denied. This matter shall now be forwarded to the assigned district judge for his determination.

DATED this 4th day of February, 2010, at Anchorage, Alaska.

                                /s/ John D. Roberts
                                JOHN D. ROBERTS
                                United States Magistrate Judge